Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: kpearson@johnsonbecker.com
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA THOM,** an individual,<br><br>                *Plaintiff*,<br><br>     v.<br><br>**NEUTRON HOLDINGS. INC, d/b/a LIME,** a Delaware Corporation,<br><br>*Defendant.* | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.   Strict Products Liability<br><br>2.   Negligent Products Liability<br><br>3.   Breach of Implied Warranty of Merchantability<br><br>4.   Breach of Implied Warranty of Fitness For a Particular Purpose |

Plaintiff, **THERESA THOM** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **NEUTRON HOLDINGS. INC., d/b/a LIME**

1

(hereafter referred to as "Defendant Lime") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Lime is a company that deploys electronic scooters into the public under the guise of environmentally friendly transportation without the headache of traffic.

2. However, since Defendant Lime's deployment of electronic scooters in late 2017 and early 2018, there have been numerous reports of injuries suffered because of equipment failures, including instances of the scooters suddenly breaking in half while in use.

3. As outlined below, the Plaintiff in this case was the victim of such an equipment failure.

## THE PARTIES

4. Plaintiff is a resident and citizen of the city of Troy, County of Oakland, State of Michigan.

5. Defendant Lime is a company that deploys electronic scooters into the public under the guise of environmentally friendly transportation without the headache of traffic.

6. Defendant Lime is Delaware Corporation, with a principal business address of 2121 South El Camino Real, Suite B100, Fremont, California 94403.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Defendant Lime is a resident of this district.

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of California and has intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

10. Since Defendant Lime's deployment of electronic scooters in late 2017 and early 2018, there have been numerous reports of injuries suffered as a result of equipment failures.

11. On October 31, 2018, Defendant Lime issued a recall on about 2,000 Segway-made Ninebot scooters after reports that some were catching on fire. The company said it was investigating the "unconfirmed" incidents in at least three cities.

12. Less than a month later, Defendant Lime issued a second recall after receiving reports that some of its models were breaking in half; stating that "it was "looking into reports that scooters manufactured by Okai may break and [that it is] working cooperatively with the U.S. Consumer Product Safety Commission and the relevant authorities internationally" and that it would "decommission all Okai scooter is use" but failed to provide a precise number of the affected scooters.[1]

13. On February 23, 2019, Defendant Lime acknowledged a third problem; this time a "bug in the firmware" of its scooters that "could under *'rare circumstances'* cause sudden and excessive braking during use."[2]

---

[1] *See* https://www.washingtonpost.com/technology/2018/11/10/electric-scooter-giant-lime-launches-global-recall-one-its-models-amid-fears-scooters-can-break-apart/ (last accessed September 21, 2021).

[2] *See* https://www.lime/second-street/safety-update-february-2019 (last accessed September 21, 2021) (emphasis added).

Defendant Lime went on to state that "some riders have been injured, and, although most have been 'bumps and bruises', any injury is one too many."

14. On October 13, 2019, Plaintiff was attending a music festival in Corpus Christi, Texas.

15. After the festival was over, Plaintiff rented a Lime scooter.

16. While using the scooter, the throttle became stuck in the locked position, and the scooter accelerated to full speed.

17. Plaintiff was unable to stop the scooter and hit a crack in the pavement; causing her to be thrown forward and severely injuring her left wrist and hand, which ultimately required surgery.

18. Upon information and belief, Defendant Lime's electronic scooters are manufactured with inadequate safety features.

19. Upon information and belief, Defendant Lime does not properly maintain the scooters, but deploys its scooters into the public and takes no measures to inspect and maintain the scooters.

20. Upon information and belief, Defendant Lime employs "juicers" to pick up the Lime scooters and charge them at their own residence, eventually putting the scooter back into public rotation when charged.

21. Upon information and belief, the Defendant Lime "juicers" are not paid by Lime until they charge the scooter and deploy it back into rotation, at a "LimeHub." Upon information and belief, the Lime "juicers" are not paid if they inform Lime that the scooter is defective and do not place the scooter back into rotation. Upon information and belief, the "juicers" are not employed to maintain the scooters.

22. Upon information and belief, the Lime scooters are defective, as manufactured and designed, or not properly maintained, leading to a dangerous nuisance.

23. Upon information and belief, riders, such as the Plaintiff in this case, are unaware of the clear failure to maintain the scooters, the defective nature of the scooters, and the dangers associated with the scooters, are seriously injured upon using the scooters.

24. Upon information and belief, Lime fails to provide adequate warnings and operational instructions.

# FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST NEUTRON HOLDINGS, INC., ALLEGES AS FOLLOWS:

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26. At the time of Plaintiff's injuries, Defendant's scooters were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27. Defendant's scooters were in the same or substantially similar condition as when they left the possession of the Defendant.

28. Plaintiff did not misuse or materially alter the scooter.

29. The scooters did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the scooters safe.

31. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

32. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and

users of its scooters, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION
## NEGLIGENT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST NEUTRON HOLDINGS, INC., ALLEGES AS FOLLOWS:

33. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective scooters that are reasonably safe for its intended uses by consumers, such as Plaintiff.

35. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion and marketing of its scooters in that Defendant knew or should have known that said scooters created a high risk of unreasonable harm to the Plaintiff and consumers alike.

36. Defendant was negligent in the design, manufacture, advertising, warning and marketing of its scooters in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the scooters to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its scooters; and

    d. Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the

Court deems proper.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST NEUTRON HOLDINGS, INC., ALLEGES AS FOLLOWS:

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. At the time Defendant marketed and distributed its scooters to the Plaintiff in this case, Defendant warranted that its scooters were merchantable and fit for the ordinary purposes for which they were intended.

39. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

40. Plaintiff reasonably relied on Defendant's representations that its scooters were an environmentally friendly transportation without the headache of traffic.

41. Defendant's scooters were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

42. Plaintiff used the scooter with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of transportation.

43. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGANST NEUTRON HOLDINGS, INC., ALLEGES AS FOLLOWS:

44. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

45. Defendant manufactured and supplied its scooters with an implied warranty that they were fit for the particular purpose of a safe and cost-effective means of transportation.

46. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

47. Defendant's scooters were not fit for the particular purpose as a safe means of transportation, due to the unreasonable risks of bodily injury associated with its use.

48. Plaintiff reasonably relied on Defendant's representations that its scooters were an environmentally friendly transportation without the headache of traffic.

49. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for, together with interest, costs of suit, and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

50. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will

continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about October 13, 2019. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

51. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident on or about October 13, 2019. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

52. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of injuries she suffered on or about October 13, 2019. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant's defective scooter;

D. That all costs be taxed against Defendant;

| | | |
|---|---|---|
| E. | That prejudgment interest be awarded according to proof; and | |
| F. | That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief. | |

Dated: 09/21/2021

HARLAN LAW, PC

By: /s/ Jordon R. Harlan
Jordon R. Harlan, Esq.

*In association with*:

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: 09/21/2021                              **HARLAN LAW, P.C.**

                                        /s/ Jordon R. Harlan
                                        _____
                                        Jordon R. Harlan, Esq. (CA #273978)